IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

TOMMY TERRELL HOLLIS, :
:
      Plaintiff, :
:
  VS. :
: **7 : 07-CV-97 (HL)**
ASHLEY PAULK, et al., :
:
      Defendants. :

## **RECOMMENDATION**

    Presently pending in this *pro se* prisoner 42 U.S.C.§1983 action are numerous motions.

### *1. Plaintiff's Motion to Amend (doc. 8)*

   In this motion, petitioner wishes to add some additional 29 individuals to his original complaint against three defendants. The sum total of his allegations of these additional individuals is that they had knowledge of the "torture chambers" of which plaintiff complains in his complaint. That is not sufficient to state a claim against these additional individuals. While a plaintiff can amend his complaint once as a matter of right prior to any dispositive motions being filed under Federal Rules of Civil Procedure Rule 15(a), the plaintiff has not plead sufficient information in this motion in order to ascertain whether it is frivolous or not.

    Consequently, it is the RECOMMENDATION of the undersigned that this motion to amend be **DENIED** without prejudice to plaintiff's right to refile a properly organized and detailed motion to amend to add the additional parties.

### *2. Plaintiff's Motion for Preliminary Injunction (doc. 9)*

   Plaintiff requests the court to order officials at the Lowndes County Jail to allow plaintiff adequate access to legal materials, paper, pen, etc... He does not allege that he has been prevented

from litigating this case. Plaintiff appears to ask for relief that is prospective in nature. In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting Canal Authority v. Callaway, 489 F.2d 567 (5th Cir.1974)).

Plaintiff has not met the burden in showing he is entitled to a preliminary injunction. Plaintiff has not detailed any difficulty whatsoever with prosecuting this case, and has not alleged that defendants are not allowing him adequate time in the law library. Consequently, it is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 18th day of January, 2008.


    //S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd