IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| TOMMY TERRELL HOLLIS, | : |
| Plaintiff, | : |
| VS. | : |
| | :     **7 : 07-CV-97 (HL)** |
| ASHLEY PAULK, et al., | : |
| Defendants. | : |

## **RECOMMENDATION**

The undersigned hereby WITHDRAWS the Report and Recommendation entered on February 11, 2009 at Doc. 43, and hereby substitutes the following Recommendation.[1]

Presently pending in this *pro se* prisoner 42 U.S.C.§1983 action is plaintiff's Motion to Amend his complaint (doc. 36). Plaintiff originally filed this lawsuit on July 30, 2007. This motion to amend was filed on June 12, 2008.

In this motion, plaintiff wishes to add five additional defendants to the action. Plaintiff currently has named Sheriff Ashley Paulk, Sgt. Swain, and Captain Peete. Plaintiff wishes to add Lowndes County Sheriff's Department, Officer Daniels, Officer Mahoney, Nurse White, and Nurse Sherily to the complaint.

In the order for service dated July 31, 2007 (doc. 4), the undersigned observed:

> that plaintiff had made various allegations against numerous jail employees in the body of his complaint. However, plaintiff stated that the individuals should be listed as witnesses; not defendants in this action. Plaintiff should be advised that if he wishes to name any of these

---

[1] The undersigned has reviewed plaintiff's objections at Doc. 46, and concludes that plaintiff is correct - the undersigned made a mistake in that the motion referred to in the recommendation was incorrect.

individuals as defendants, he must move to amend his complaint to do so prior to the expiration of any applicable statute of limitations.

The court has denied previous motions to amend because plaintiff failed to specify any facts relative to the new defendants, but provided that plaintiff could refile a proper motion to amend. (See Docs. 27, 30, 34, and 35).

Plaintiff has now specified enough facts for the undersigned to consider the motion on its merits.

Lowndes County Sheriff Department is not an appropriate legal entity in a 42 U.S.C. §1983 action, especially where, as here, plaintiff has already named the sheriff as a defendant.  See Dean v. Barber, 951 F.2d 1210 (11th Cir.1992).

However, it appears that plaintiff's allegations against Officer Daniels, Officer Mahoney, Nurse White, and Nurse Sherily relate back to the original allegations of various constitutional deprivations at Lowndes County Jail arising out of events of June 25, 2007;  and in fact, plaintiff mentioned them in his complaint, although at the time he did not want to name them as defendants.

Consequently, it is the RECOMMENDATION of the undersigned that this motion to amend be **GRANTED in part and DENIED in part**; that Officer Daniels, Officer Mahoney, Nurse White, and Nurse Sherily be added as defendants in this lawsuit.  Accordingly, it is hereby **ORDERED** that service be made as provided by law upon Officer Daniels, Officer Mahoney, Nurse White, and Nurse Sherily at Lowndes County Jail and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of

receipt thereof.

**SO RECOMMENDED**, this 24th day of February, 2009.

                                                  //S Richard L. Hodge
                                                 RICHARD L. HODGE
                                                 UNITED STATES MAGISTRATE JUDGE

msd