IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| TOMMY TERRELL HOLLIS, | : | |
| Plaintiff, | : | |
| VS. | : | Civil File Case No. |
| | : | 7 : 07-CV-97 (HL) |
| ASHLEY PAULK, et al., | : | |
| Defendants. | : | |

### RECOMMENDATION

Presently pending in this *pro se* prisoner 42 U.S.C.§1983 action is a Motion for Summary Judgment filed by defendants White and Lewis[1] (Doc. 73). Plaintiff was advised of the filing of the Motion for Summary Judgment and the importance of filing a response thereto in an order dated September 16, 2009 (Doc. 76). However, plaintiff has failed to file any response to the motion.

Plaintiff alleges that defendants violated his constitutional rights by failing to provide him with adequate medical care while he was incarcerated at Lowndes County Jail during a period from June 25, 2007 to July 20, 2007.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Welch v. Celotex Corp.*, 951 F.2d 1235 (11th Cir. 1992)(citing *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*,

---

[1] Nurse Shirley Lewis, defendant herein, was misidentified as "Nurse Sheliy" in plaintiff's original and amended complaints.

477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." It must involve the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25 (1993). Knowledge of the medical need alleged or circumstances clearly indicating the existence of such need is essential

2

to a finding of deliberate indifference. *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1191 (11th Cir. 1994), quoting *Horn ex rel. Parks v. Madison Co. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994), cert. denied, 513 U.S. 873 (1994). In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. "It is......true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." *McElligott v. Foley*, 182 F.3d 1248, 1256-1257 (11th Cir. 1999).

A medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994) (quotation marks and citation omitted). To demonstrate "significant" harm, a plaintiff must provide verifying medical evidence that proves that it was the denial or delay in medical treatment that caused the harm rather than an underlying condition or injury. *Hill*, 40 F.3d at 1186; *Harris*, 21 F.3d at 393-94 (11th Cir.1994). The medical care provided to an inmate must be reasonable. *Patterson v. Riddle*, 407 F. Supp. 1035 (E.D. Va. 1976). However, "it is not required that the medical care provided to the inmate be perfect, the best obtainable, or even very good." *Estelle*, 429 U.S. at 106. *See also Harris v. Thigpen*, 941 F.2d 1495, 1510 (11th Cir. 1991); *Brown v. Beck*, 481 F. Supp. 723, 726 (S.D. Ga. 1980); *Hawley v. Evans*, 716 F. Supp. 601, 603 (N.D. Ga.1989).

The Eleventh Circuit has noted that, "where a prisoner has received medical attention and the

dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Murphy v. Turpin*, 159 Fed. Appx. 945 at fn. 4, (11th Cir. 2005), citing *Hamm*, 774 F.2d at 1575. "Thus, where an inmate receives medical care, but desires a different mode of treatment, the care provided does not amount to deliberate indifference." *Id.*

In *Estelle v. Gamble*, *supra*, the Supreme Court cautioned, however, that not every allegation of inadequate medical treatment states a constitutional violation. *Estelle* at 105. Mere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment. *Id.* at 106 (stating "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"). A Section 1983 claim, therefore, "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice." *Brinton v. Gaffney*, 554 F.Supp. 388, 389 (E.D.Pa.1983).

"The question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." *Estelle, supra*, at 107.

According to the affidavit submitted by defendant Lewis, she saw plaintiff for his initial examination on January 3, 2007, when plaintiff first arrived at the jail. She observed that plaintiff was verbally uncooperative, intoxicated, verbally abusive, and refused to answer medical questions. She noted that there were no signs of physical injury or other visible abnormality at that time. She next saw plaintiff on January 30, 2007, when she performed the physical and took plaintiff's medical

4

history. Plaintiff appeared to be in good health with no indication of any medical problem. Nurse Lewis did not see plaintiff again. (Doc. 74).

According to the affidavit submitted by defendant White, she first examined plaintiff on July 6, 2007, when plaintiff complained of a large bump on his forehead. She determined that it was a pimple, gave him alcohol wipes for the pimple, and instructed him on proper skin care. Nurse White next examined plaintiff on July 17, 2007, when plaintiff complained of an ear infection. She did not find any evidence of such upon examination. That was her last encounter with plaintiff. (Doc. 74).

During the time period in question, plaintiff submitted one sick call request, which was for the ear infection, discussed above. He was seen that same date. Additionally, all inmates are observed twice daily by medical staff during rounds, which provides inmates with another avenue for medical observation. (Doc. 74).

Plaintiff has not responded to the properly supported motion for summary judgment. All he has made in his complaint are vague and conclusory allegations of inadequate medical care, which cannot overcome the evidence that has been submitted by defendants Lewis and White. Accordingly, defendants Lewis and White are entitled to summary judgment.

**THEREFORE, IT IS HEREBY RECOMMENDATED** that the motion for summary judgment filed on behalf of defendants White and Lewis be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this 11th day of January, 2010.

                                              **S/ G. MALLON FAIRCLOTH**
                                              **UNITED STATES MAGISTRATE JUDGE**